IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD ANTHONY JOHNSON,

       Plaintiff,

 v.

MERI LARSON,

       Defendant.[1]

OPINION & ORDER

17-cv-929-jdp

---

Pro se plaintiff Richard Anthony Johnson has filed a proposed complaint under 42 U.S.C. § 1983. Because Johnson is a prisoner, I must screen the complaint to determine whether his complaint states a claim upon which relief may be granted. 28 U.S.C. § 1915A and § 1915(e)(2).

A review of the complaint shows that I must dismiss Johnson's claims for two reasons. First, all of his allegations are related to alleged constitutional violations committed by an assistant district attorney (defendant Meri Larson) in the course of an ongoing criminal prosecution. (Johnson does not say what the charges are, but his allegations suggest that they are related to sexual misconduct with minors.) It is well established that federal courts may not hear cases that seek to interfere with ongoing state criminal prosecutions, except in limited circumstances not at issue in this case. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Nelson v. Murphy*, 44 F.3d 497, 501 (7th Cir. 1995). Thus, if an individual believes that a prosecution

---

[1] Johnson includes the phrase "et al." after Larson's name in the caption, suggesting that he may wish to sue other defendants, but all defendants must be listed separately in the caption. Fed. R. Civ. P. 10(a); *Myles v. U.S.*, 416 F.3d 551, 551 (7th Cir. 2005). In any event, the list of Johnson's claims in the body of the complaint makes it clear that Johnson is asserting all of his claims against Larson and no one else.

is unconstitutional, he must first exhaust all of his remedies (including available appeals) in state court before seeking relief in federal court through a petition for a writ of habeas corpus.

Second, a plaintiff cannot obtain damages against a prosecutor for conduct she takes in her capacity as a prosecutor. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) ("[A] state prosecutor ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial."). Because all of Johnson's allegations against Larson relate to her conduct as a prosecutor, his claims for damages are barred.

## ORDER

IT IS ORDERED that:

1. Plaintiff Richard Anthony Johnson's complaint is dismissed under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered March 19, 2018.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge